## RESOLUTION TRUST CORPORATION as Receiver for Pelican Homestead and Savings Association

v.

## UNITED STATES FIDELITY & GUARANTY COMPANY.

Civ. A. No. 92–350–B.

United States District Court, M.D. Louisiana.

Oct. 31, 1993.

---

Gary John Giepert, James P. Magee, Baldwin & Haspel, Paul J. Mirabile, Middleberg, Riddle & Gianna, Cynthia L. Tolbert, Law Offices of Winthrop Gardner, Eddie J. Jordan, Jr., William E. Lewis, Bryan, Jupiter, Lewis & Blanson, New Orleans, LA, for plaintiff.

Richard Scott Thomas, Lane, Fertitta, Lane & Tullos, Baton Rouge, LA, for defendant.

**RULING ON PLAINTIFF'S AND DEFEN-DANT'S CROSS MOTIONS FOR NEW TRIAL, OR ALTERNATIVELY, FOR RECONSIDERATION OF STATE COURT'S JUDGMENT**

POLOZOLA, District Judge.

This matter is before the Court on the parties' cross motions for new trial, or in the alternative, for reconsideration of the state court's judgment. For the reasons which follow, the motions are denied.

## FACTS

On April 21, 1988, Pelican Homestead and Savings Association ("Pelican") filed suit against United States Fidelity & Guaranty Company ("USF & G") in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Pelican sought damages for losses which it allegedly sustained because of the dishonest acts of William C. Smith, Jr. Pelican contends that these losses are covered under a Savings and Loan Blanket Bond issued to it by USF & G.

On November 25, 1991, while the suit was still pending in state court, Pelican filed a motion for partial summary judgment on the issue of liability only. USF & G filed a cross motion for summary judgment on January 15, 1992. Pelican was closed on January 31, 1992 and the Resolution Trust Corporation ("RTC") was appointed as receiver for Pelican.

On February 11, 1992, the state court entered a judgment denying Pelican's motion for partial summary judgment. The state court further entered a judgment granting in part and denying in part USF & G's motion for summary judgment.

After the state court had rendered its decision, the RTC filed a motion to substitute as party plaintiff for Pelican on February 20, 1992. When the state court granted RTC's motion to substitute, it also filed a motion to stay the proceedings for ninety (90) days. The state court granted the stay order on February 21, 1992.

The RTC removed the suit to federal court on April 28, 1992. On May 20, 1992, the RTC filed its motion for new trial, or in the alternative, reconsideration of the state court's judgment. USF & G filed its cross motion for new trial, or in the alternative, reconsideration of the state court's judgment on August 7, 1992.

## JURISDICTION

This Court has subject matter jurisdiction in this case pursuant to 12 U.S.C.

§ 1441a(*l*)(1). The RTC's notice of removal was timely filed,[1] and no final judgment had been rendered in the state court action at the time of removal.[2]

## MOTIONS FOR NEW TRIAL

At the time of removal, a final decision had been rendered by the state court on the pending motion for partial summary judgment, but no final judgment had been entered.

The parties seek to have this Court grant a new trial or, in the alternative, reconsider the state court's decision. Thus, the Court must determine the proper procedure it must follow in resolving the issues now pending before it.

The Fifth Circuit addressed a similar issue in *Nissho–Iwai American Corp. v. Kline.*[3] In *Nissho–Iwai,* a Texas state court granted plaintiff's motion to strike defendant's defenses and counterclaims as a sanction for abusing the discovery process. Thereafter, the case was removed to federal court.

Citing the United States Supreme Court's opinion in *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70,*[4] the Fifth Circuit concluded that the federal court should give interlocutory state orders no greater force and effect than they would have obtained had the case remained in state court.[5] Thus, since the state court's ruling was purely interlocutory, it remained subject to reconsideration in the federal court just as it would have been subject to reconsideration in the state court prior to removal.[6] Once the state court order became federalized, federal procedure, rather than state procedure, governed the manner in which the state court decision was to be enforced and continued.[7]

The Fifth Circuit addressed this issue again in *Resolution Trust Corp. v. Northpark Joint Venture.*[8] In *Northpark,* a Texas state court granted a partial summary judgment. Subsequently, the RTC intervened in the state court action and removed the case to federal court. In federal court, the parties filed a motion for reconsideration of the partial summary judgment.

Citing *Nissho–Iwai,* the Fifth Circuit in *Northpark* stated that a state court order remains subject to reconsideration in federal court just as it had been subject to reconsideration in state court prior to removal. However, the Fifth Circuit held that federal procedure governed the enforcement of a state court order in a case removed to federal court.[9] Since the partial summary judgment entered by the Texas state court was subject to reconsideration in the state court, the Fifth Circuit concluded that the proper procedure for the district court in ruling on the parties' motion for reconsideration was to ensure that the order was consistent with the

---

1. The RTC removed the action to this Court on May 20, 1992. The ninety (90) day stay order entered by the state court, however, did not terminate until May 21, 1992. Even though the RTC removed this action prior to the expiration of the stay period, the RTC's notice of removal was timely filed within the 90 day period prescribed in 12 U.S.C. § 1441a(*l*)(3)(A)(i) (Supp. 1993).

2. In addition, this action is properly removable to this Court because the state action had not reached final judgment. *In re Meyerland Co.,* 960 F.2d 512 (5th Cir.1992) (en banc). A final state court judgment is one that has exhausted the state appellate proceedings. *Meyerland,* 960 F.2d at 516. Neither the delays for new trial nor the delays for appeal had expired when this action was removed from state court.

　Under Louisiana Code of Civil Procedure article 1974, the delay for applying for a new trial is seven days, exclusive of legal holidays. The state court granted the partial summary judgment on February 11, 1992, and the notice of removal was filed within the stay period which began on February 22, 1992. Excluding legal holidays (including February 17 which the parties stipulated as a legal holiday), the delays for applying for a new trial had not expired at the time of removal.

3. 845 F.2d 1300 (5th Cir.1988).

4. 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).

5. *Nissho–Iwai,* 845 F.2d at 1303.

6. *Nissho–Iwai,* 845 F.2d at 1303.

7. *Nissho–Iwai,* 845 F.2d at 1303.

8. 958 F.2d 1313 (5th Cir.1992).

9. *Northpark,* 958 F.2d at 1316.

requirements of Rule 56(c) of the Federal Rules of Civil Procedure.[10]

An extension of these two cases was presented to the Fifth Circuit in *First Republic-Bank Fort Worth v. Norglass, Inc.*[11] In *Norglass*, the state court entered judgment in favor of defendant following a trial by jury. Plaintiff then moved for a new trial which was denied by the state court. Prior to the expiration of the period within which an appeal could be taken in state court, the FDIC intervened in the case and removed it to federal court. Over two years after the case had been pending in federal court, the FDIC filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

In determining the proper procedure for the district court to follow in a case removed at this stage, the Fifth Circuit stated that the federal court takes the state case as though everything done in it had in fact been done in federal court.[12] The Fifth Circuit held that the proper procedure for the district court to follow in a case removed after entry of judgment in state court is to resolve a timely filed Rule 60(b) motion.

Finally, in *In re Meyerland Co.,*[13] the Fifth Circuit, en banc, addressed the issue of how a district court should proceed in a case which is removed to federal court while on appeal in state court. In *Meyerland,* the FDIC removed a case from state court after judgment had been entered and while the case was on appeal in the appropriate state appellate court. Again citing the United States Supreme Court's decision in *Granny Goose,* the Fifth Circuit stated that a case removed from state court comes into the federal system in the same condition in which

it left the state system. The Fifth Circuit held that the proper procedure for a district court to follow in a case removed at this level of the state proceedings is "to take the state court judgment as it finds it, prepare the record as required for appeal, and forward the case to a federal appellate court for review." [14]

▇ Following these Fifth Circuit cases, this Court concludes that a case removed from state court comes into the federal system in the same condition in which it left the state system. Once a case is removed to federal court, federal procedure governs the manner of enforcement of the state court order.

When this case was removed to federal court, the state court had entered a partial summary judgment in favor of USF & G. According to Louisiana law, a partial summary judgment is a final, appealable judgment.[15] Thus, if this case had remained in state court, the partial summary judgment would have been a final judgment. At this point, the parties could have sought relief in state court only through post-trial procedures.

This Court finds that the case before it is distinguishable from both *Nissho–Iwai* and *Northpark.* The order in *Nissho–Iwai* was an interlocutory order, subject to review by the state court and not appealable in the state court. Similarly, in *Northpark,* a partial summary judgment under Texas law is an interlocutory order, subject to reconsideration by the state court, and not appealable as a final judgment.[16]

---

**10.** The Fifth Circuit recognized that the partial summary judgment was not appealable in state court. *Northpark,* 958 F.2d at 1317. See also *City of Beaumont v. Guillory,* 751 S.W.2d 491 (Tex.1988); *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984).

**11.** 958 F.2d 117 (5th Cir.1992).

**12.** *Norglass,* 958 F.2d at 119.

**13.** 960 F.2d 512 (5th Cir.1992) (en banc).

**14.** *Meyerland,* 960 F.2d at 520; See also, *FDIC v. Kahlil Zoom–In Markets, Inc.,* 978 F.2d 183 (5th

Cir.1992); *In re 5300 Memorial Investors, Ltd.,* 973 F.2d 1160 (5th Cir.1992); *Walker v. FDIC,* 970 F.2d 114 (5th Cir.1992).

**15.** A final judgment may be rendered and signed by the court even though it does not grant all the relief prayed for, or adjudicate all the issues in the case, when the court grants a motion for summary judgment. La.Code Civ.P. art. 1915 A(3).

**16.** See *City of Beaumont v. Guillory,* 751 S.W.2d 491 (Tex.1988); *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984).

The case before this Court is more analogous to *Norglass.* Prior to removal in *Norglass,* the case had proceeded to judgment and a motion for new trial had been filed and denied in state court. Upon removal, the Fifth Circuit held that the proper procedure for the district court to follow was to resolve a timely filed Rule 60(b) motion.

The partial summary judgment, granted by the state court in the matter before this Court, was a final, appealable judgment at the time of removal. Since this Court must take the state court action in the same posture as it left the state court, the partial summary judgment is a final, appealable order in this Court. The Fifth Circuit's en banc opinion in *Meyerland* directs this Court to take the state court judgment as its own. Once this Court enters the state court judgment as its own, federal procedure will govern the manner of its enforcement. The proper procedure following entry of a final, appealable judgment in federal court is for the parties to appeal or to file post-trial motions in the district court for relief in accordance with the procedures contained in the Federal Rules of Civil Procedure.[17]

Therefore, this Court will enter the state court judgment as its own. Once this Court enters a final judgment, the parties may then file for post-trial relief according to the Federal Rules of Civil Procedure or may appeal the decision to the Fifth Circuit Court of Appeals.

Therefore:

IT IS ORDERED that the parties' motion for reconsideration of the state court judgment be and it is hereby DENIED without prejudice.

IT IS FURTHER ORDERED that the parties' motion for new trial be considered premature and is hereby DENIED without prejudice.

Judgment shall be entered adopting the state court's judgment.

The parties shall prepare and submit to the Court within 15 days a judgment in accordance with the state court's opinion and the opinion of this Court.

---

17. The Fifth Circuit in *Kahlil* recognized that the *Norglass* court's statement that a Rule 60(b) motion is the means to effect an appeal upon removal was supplanted by the Fifth Circuit's en banc opinion in *Meyerland.* *Meyerland* held that the federal court should adopt the state court's opin-ion as its own, whereupon the federal district court's opinion becomes appealable. *Kahlil,* 978 F.2d at 185, n. 2. Implicit in the *Kahlil* reasoning is that all post trial procedures are available following the entry of the state court order by the federal district court.