630 So.2d 297 (1993)
Joyce P. CAIRE
v.
Brad J. FREMEN, David Aucoin and Allstate Insurance Company.
No. 93-CA-622.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 1993.
David V. Batt, James P. Nader, Michael J. Tardeton, Lobman, Carnahan & Batt, Metairie, for plaintiff/appellant.
John D. Sileo, Bernard, Cassisa & Elliott, Metairie, for defendants/appellees.
Before BOWES, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
Plaintiff, Joyce P. Caire, appeals a partial summary judgment granted in favor of one of the defendants, Allstate Insurance Company. Plaintiff also appeals the trial court's denial of her motion for new trial. For the following reasons, the appeals are dismissed as premature.
This case arises out of an automobile accident which occurred on Highway 90 in Jefferson Parish on the evening of December 20, 1990. In her petition, plaintiff, Joyce P. Caire, alleges that her automobile collided with another automobile, driven by defendant, Brad Fremen, which was entering Highway 90 from a side street. Ms. Caire contends that Mr. Fremen disregarded a stop sign controlling the side street before he drove onto Highway 90. Among the other *298 defendants named in the petition is Allstate Insurance Company, the liability insurer of the vehicle driven by Brad Fremen. Plaintiff's original petition asserts a direct action claim against Allstate. Additionally, in a first supplemental and amending petition, plaintiff alleges that Allstate acted arbitrarily and capriciously in failing to pay her claim; and is therefore entitled to penalties, interest and attorney's fees pursuant to LSA-R.S. 22:1220, which provides in pertinent part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
. . . . .
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
Allstate filed a motion for partial summary judgment seeking dismissal of plaintiff's claim for damages under R.S. 22:1220. After a hearing on March 23, 1993, the trial judge granted partial summary judgment, dismissing plaintiff's § 1220 claim with prejudice. Plaintiff then moved for a new trial on the issue of whether § 1220 affords a third-party claimant a right of action against an insurer. The trial court denied a new trial and this appeal resulted.
In order for an appeal to be proper, a judgment appealed from must be "a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, ... an interlocutory judgment which may cause irreparable injury, ... [or] a judgment reformed in accordance with a remittitur or additur under Article 1814." LSA-Code Civ.Proc. art. 2083(A).
A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-Code Civ.Proc. art. 966(B). A partial final judgment is rendered, "even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court ... [g]rants a motion for summary judgment, as provided by articles 966 through 969, except a summary judgment rendered pursuant to article 966(D)." LSA-Code Civ.Proc. art. 1915.
Article 1915 was designed to limit to the enumerated situations a court's authority to render a partial final judgment which is appealable. When a judgment adjudicates all of the claims and defenses asserted by all of the parties, such a judgment is universally recognized as appealable (subject to statutory limitations in courts of limited jurisdiction). But when a judgment adjudicates fewer than all of the claims or defenses, or adjudicates the claims or defenses of one or more but less than all of the parties, there are significant problems in designating such a judgment as appealable. If all such judgments were appealable, there would be intolerable problems of multiple appeals and piecemeal litigation. On the other hand, a party who is completely exonerated in pretrial proceedings should be entitled *299 to be spared of further trial litigation. Another major problem is that the loser in a partial judgment faces the dilemma of deciding whether (1) to appeal immediately (despite the probable delay to the remainder of the case) and possibly have the appeal dismissed as premature, or (2) to wait until the entire case is decided and risk being told then that he should have appealed earlier and that the judgment has become res judicata.
Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993) at 1240-41.
In the Everything on Wheels Subaru decision, the Louisiana Supreme Court held that any partial judgment which does not dismiss a party and is not expressly authorized by Article 1915 is an interlocutory judgment which is not appealable in the absence of irreparable injury. Id. at 1241. Although Everything on Wheels Subaru addressed exceptions of no cause of action, it spoke briefly of partial summary judgments.[1] While Article 1915 specifically provides that granting a motion for summary judgment is a final judgment, we find that in the case before us, the summary judgment is not a final appealable judgment.
At the hearing on the motion for summary judgment, the trial court was of the opinion that LSA-R.S. 22:1220(B)(5) only applies to insureds, not to third parties. In granting Allstate's motion for summary judgment, the trial court effectively found that the plaintiff failed to state a cause of action (i.e., since the plaintiff was not Allstate's insured, the plaintiff had no cause of action against Allstate under 22:1220(B)(5)).
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Kuebler v. Martin, 578 So.2d 113 (La. 1991).
Everything on Wheels Subaru, supra at 1235.
It is without doubt that Allstate could have voiced their objections to plaintiff's § 1220 claim via a motion for partial summary judgment or an exception of no cause of action. If successful, either one would dismiss plaintiff's § 1220 claim. To condition the immediate appealability of a lower court's decision on whether a party styles his motion as one for partial summary judgment or as an exception of no cause of action would be inconsistent with the Supreme Court's holding in Everything on Wheels Subaru and contrary to one of the primary objectives of Article 1915to avoid multiple appeals and piecemeal litigation. We therefore find that the partial summary judgment granted by the lower court which dismissed plaintiff's § 1220 claim is an interlocutory judgment which is not appealable in the absence of irreparable injury. Since no irreparable injury has been pleaded or is apparent, we hereby dismiss plaintiff's appeal of the partial summary judgment as premature.
Plaintiff also appeals the trial court judgment which denied her motion for new trial. Plaintiff's motion for new trial resulted from the dismissal of her § 1220 claim via the partial summary judgment. As the partial summary judgment is interlocutory and nonappealable, so too is the denial of plaintiff's motion for new trial. The appeal of the denial of plaintiff's motion for new trial is likewise dismissed.
DISMISSED.
NOTES
[1] The first sentence of footnote 12 at 1241 states: "There does not appear to be any logical reason to treat partial judgments resulting from a motion for summary judgment any differently from partial judgments resulting from an exception of no cause of action."