IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-30199
_____

RESOLUTION TRUST CORPORATION,
as Receiver for Pelican Homestead
and Savings Association,

Plaintiff-Appellant,

versus

UNITED STATES FIDELITY and GUARANTY
COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
_____

(June 27, 1994)

Before KING, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:

We consider the motion of the Resolution Trust Corporation ("RTC") to dismiss its own appeal in this case removed from Louisiana state court. Concluding that the partial summary judgment entered in the state court was not appealable under Louisiana law and is not appealable under federal law, we DISMISS the appeal.

## I. BACKGROUND

In April 1988, Pelican Homestead and Savings Association ("Pelican") filed suit in Louisiana state court against United States Fidelity & Guaranty Company ("USF&G"). Pelican claimed that the dishonest acts of one William C. Smith, Jr., caused it to suffer losses and that those losses were covered under a Savings and Loan Blanket Bond issued to it by USF&G. In November 1991, Pelican moved for partial summary judgment on the issue of liability only; USF&G filed a cross-motion for summary judgment on January 15, 1992.

On January 31, 1992, Pelican was closed and the RTC was appointed as receiver for Pelican. On February 11, 1992, the state court entered a judgment denying Pelican's motion for partial summary judgment and granting in part and denying in part USF&G's motion for summary judgment. Although we do not have the reasons for the state court's decision (the judgment states that the reasons were orally assigned), the state court's judgment recites that summary judgment was granted in favor of USF&G on counts 12, 13, 15, 16, 18, 19, 23, 24, and 25 and denied on counts 1-11, 14, 17, 20, and 22. Neither party claims that a motion or petition for appeal to the Louisiana Court of Appeals was made by either party as required by LA. CODE CIV. PROC. ANN. art. 2121 (West Supp. 1994). Several days later the RTC moved to substitute as party plaintiff for Pelican; the state court granted the motion and granted the RTC's motion to stay the proceedings for ninety days on February 21, 1992.

On April 28, 1992, the RTC removed the action to federal district court pursuant to 12 U.S.C. § 1441a(*l*)(3)(a)(i).  In May 1992, the RTC moved for a new trial or, in the alternative, for reconsideration of the state court's judgment.  USF&G filed a cross-motion seeking the same relief in August 1992.  The district court requested supplemental briefing from the parties regarding the proper disposition of the case in light of our decision in FDIC v. Meyerland Co. (In re Meyerland Co.), 960 F.2d 512 (5th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 967 (1993).  The district court then entered an order denying the parties' motions for new trial or for reconsideration of the state court's judgment.  The denial of the parties' motions is reported at RTC v. United States Fidelity & Guar. Co., 838 F. Supp. 276 (M.D. La. 1993).  The court concluded that existing law required it to take the state court judgment "in the same condition in which it left the state system."  Id. at 279.  Concluding that Louisiana recognizes partial summary judgments as final, appealable judgments, the court held that the state court's judgment was equally final and appealable in the federal courts.  Id. at 280.  The court thus entered the state court judgment as its own by order entered November 15, 1993, and directed the parties to follow federal procedures applicable following entry of a final judgment.  The RTC filed a second motion for new trial, which was denied on February 24, 1994.

The RTC filed a notice of appeal of the three district court orders; it has also filed a motion to dismiss the appeal.  USF&G

agrees that the appeal should be dismissed, but contends that the RTC, in its motion to dismiss the appeal, is surreptitiously seeking the same relief that it would be seeking on appeal. Indeed, the RTC asks us not only to dismiss the appeal but also to remand the case to the district court with instructions to vacate its previous judgments adopting the state court judgment and to administer the case to its conclusion.

## II. ANALYSIS

The question posed is whether we have jurisdiction to hear this appeal. We begin our analysis with a review of our en banc decision in <u>Meyerland</u>.

### A. <u>Meyerland</u> and its Progeny

In <u>Meyerland</u>, Continental Savings Association ("Continental") was sued in state court for, among other things, usury and fraud. 960 F.2d at 514. The plaintiffs won in the trial court and Continental appealed. <u>Id.</u> After the appeal was filed, the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed as receiver for Continental, and the FSLIC removed the case to federal district court. <u>Id.</u> The district court remanded to state court. <u>Id.</u> Soon thereafter Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (1989). <u>Id.</u> The Federal Deposit Insurance Corporation ("FDIC") succeeded the FSLIC as receiver for Continental, and the FDIC then removed the case pursuant to its statutory authority, 12

U.S.C. § 1819(b)(2)(B).  Id.  The federal district court again remanded, and the FDIC appealed.  Id.  One of the questions posed was whether § 1819(b)(2)(B) authorizes the FDIC to remove state court appellate proceedings.  Id.

We held that § 1819(b)(2)(B) does allow removal after entry of final judgment by a state trial court and before all appeals are exhausted.  Id. at 520.  This result, we concluded, was most consistent with the plain language of the statute, id. at 516-17, was within Congress' power to define the jurisdiction of the federal courts, id. at 517, and was consistent with Congress' general objective in enacting FIRREA, which was to increase the FDIC's ability to carry out its regulatory and enforcement responsibilities, id. at 519-20.  As for the procedural effects of post-judgment removal, we held that the district court should "take the state judgment as it finds it, prepare the record as required for appeal, and forward the case to a federal appellate court for review."  Id. at 520.  Citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters, Local No. 70, 415 U.S. 423, 435-36 (1974), we concluded that the case "simply comes into the federal system in the same condition in which it left the state system." Meyerland, 960 F.2d at 520.  For instance, if the notice of appeal was adequate to perfect an appeal in the state system, we stated that the notice should be deemed adequate in the federal courts regardless of any differences in technical requirements between the state and federal systems.  Id.

Pursuant to 12 U.S.C. § 1441a(*l*)(3), the RTC possesses broad removal powers similar to those of the FDIC under § 1819(b)(2)(B).  Section 1441a(*l*)(3)(A) provides, in pertinent part:

> The [RTC], in any capacity and without bond or security, may remove any action, suit, or proceeding from a State court to the United States district court with jurisdiction over the place where the action, suit, or proceeding is pending[.]

We have therefore applied the holding in Meyerland to cases involving the RTC.  E.g., 5300 Memorial Investors, Ltd. v. RTC (In re 5300 Memorial Investors, Ltd.), 973 F.2d 1160 (5th Cir. 1992).

The RTC argues that this case presents a problem that we created but did not resolve in Meyerland.  Implicitly accepting the district court's conclusion that the partial summary judgment would have been appealable in Louisiana's court system, the RTC contends that federal rules governing the appealability of orders should control in cases in which the state court prior to removal entered an order that would have been immediately appealable under state law.  The general rule in the federal courts, of course, is that partial summary judgments are not appealable. Gray Line Motor Tours, Inc. v. City of New Orleans, 498 F.2d 293, 295 (5th Cir. 1974); see also 10 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2715, at 631-634 (2d ed. 1983) ("[A] partial summary judgment determining that a certain issue be established for the trial of the case generally is not appealable until after the case has been tried.").  In Louisiana, however, a partial

judgment may be considered a final judgment, LA. CODE CIV. PROC. ANN. art. 1915(A) (West Supp. 1994), and can be immediately appealable, art. 1915(B), under some circumstances.  See, e.g., Graham v. Southern Pac. Transp. Co., 619 So. 2d 894, 898 (La. Ct. App.) (holding that a partial summary judgment that a railroad was not negligent in failing to install active signals at a railroad crossing was not appealable after trial because it should have been immediately appealed), writ denied, 625 So. 2d 1044 (La. 1993).  We have found no court of appeals decision on point, although the Third Circuit has hinted in dicta that no federal appellate jurisdiction would exist on these facts.  RTC v. Nernberg, 3 F.3d 62, 68 (3d Cir. 1993) ("[S]ome matters properly on appeal in the state courts would conceivably not be appealable in the federal system.  For example, the United States Courts of Appeals lack jurisdiction over appeals from some interlocutory orders and orders for new trials that state appellate courts may have authority to review.").

We find, however, that we need not decide this difficult question because the district court misinterpreted Louisiana law in concluding that the instant partial summary judgment would have been immediately appealable in the Louisiana courts.

## B. LOUISIANA LAW REGARDING IMMEDIATE APPEALS FROM PARTIAL SUMMARY JUDGMENTS

Up to this point we have assumed the accuracy of the district court's holding that the partial summary judgment entered by the state court in the instant case would have been immediately appealable.  Before proceeding further, however, we

must scrutinize this holding closely.  If the judgment entered by the Louisiana state court and adopted by the district court was not final and immediately appealable under Louisiana law, then the district court erred in concluding (1) that it lacked the power to examine the state court judgment under federal summary judgment standards and (2) that immediate appellate review of the state judgment was available from this court.  We review the district court's interpretation of state law de novo.  Salve Regina College v. Russell, 499 U.S. 225, 231 (1991); Commons W. Office Condos, Ltd. v. RTC, 5 F.3d 125, 127 (5th Cir. 1993).

The Louisiana Supreme Court recently considered the problem of piecemeal appeals in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So. 2d 1234 (La. 1993).  That case arose in the context of an action for wrongful termination of franchise.  Id. at 1235.  The plaintiff sued for damages based on four theories, and the defendant filed an exception of no cause of action, which is the Louisiana equivalent of a Rule 12(b)(6) motion.  See id. ("The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.").  The trial court maintained the exception as to only two of the plaintiff's theories and granted an immediate appeal.  Id.  The Louisiana Supreme Court took the opportunity to clarify the rules governing the appealability of partial final judgments rendered on exceptions of no cause of action.  Most important for our purposes, the court concluded that a partial

final judgment on an exception of no cause of action that does not dismiss any party and adjudicates some but not all claims, defenses, or issues, is an interlocutory judgment not appealable in the absence of a showing of irreparable injury.  Id. at 1241-42.  The court clearly desired to ensure that "there is only one appeal in most cases."  Id. at 1242.

The Everything on Wheels court explicitly limited its decision to partial final judgments rendered on exceptions of no cause of action.  Id. at 1241 n.12.  It reserved the question of "whether a partial judgment on a motion for summary judgment, that merely decides one of several claims, defenses or issues without dismissing any party . . . must be appealed immediately in order to prevent the judgment from acquiring the authority of the thing adjudged."  Id.  The clear hint, however, was that the same rules should govern both kinds of partial final judgments.  Id. ("There does not appear to be any logical reason to treat partial judgments resulting from a motion for summary judgment any differently from partial judgments resulting from an exception of no cause of action.").

The court of appeals that decided the Graham case did not mention Everything on Wheels in reaching its conclusion that a partial summary judgment in favor of one defendant on one theory of liability had been final and appealable when entered by the trial court.  Graham, 619 So. 2d at 898.  A more recent court of appeals case, however, came to the opposite conclusion.  In Caire v. Fremen, 630 So. 2d 297, 297-98 (La. Ct. App. 1993), the

plaintiff sued the other driver in a traffic accident and his insurer. The action against the insurer included a direct action claim under Louisiana's direct action statute and a claim for arbitrary refusal to pay a claim; the trial court granted the insurer partial summary judgment on the latter claim only. Id. at 298. The court of appeals dismissed the appeal from the partial summary judgment, concluding that the judgment was an interlocutory judgment not appealable in the absence of a showing of irreparable injury, relying on Everything on Wheels. Id. at 299.

The Caire reading of Everything on Wheels appears to us to be correct, and we conclude that the partial summary judgment rendered in favor of USF&G in the instant case was interlocutory and unappealable under both Louisiana and federal law. In the absence of a final, appealable judgment from the district court, we are without jurisdiction. Kahlil, 978 F.2d at 184. In the absence of an appealable order from the district court, the RTC's notice of appeal was ineffective either to divest the district court of jurisdiction or to confer jurisdiction on this court. Id. This case does not pose the difficult question of whether we would have jurisdiction to review a state court order that is immediately appealable under state law but interlocutory and unappealable under federal law, and we express no opinion regarding that question.

## III. CONCLUSION

Because we lack jurisdiction to hear this appeal, IT IS ORDERED that the motion of appellant to dismiss this appeal is GRANTED.

IT IS FURTHER ORDERED that the motion of appellant to suspend appellant deadlines pending consideration of its motion to dismiss the appeal is DENIED as moot.