JaGOTHARD, Judge.
Plaintíffs-appellants Anthony and Jeannine Monte Marcello appeal a July 19, 1996 judgment of the 24th Judicial District Court, granting a partial motion for summary judgment in favor of defendant St. Paul Fire and Marine Insurance Co. [hereinafter “St. Paul”], dismissing plaintiffs’ bad faith claims for penalties and attorneys fees under LSA-R.S. 22:1220 B.(5) and dismissing their motion to compel discovery in conjunction therewith. From that judgment, plaintiffs appeal. FACTS
Plaintiff Anthony Marcello suffered the amputation of his lower left leg due to diabetes. Pursuant to a prescription, he ordered a prosthesis by a Tennessee manufacturer from the defendant surgical supply house. *678 The prosthesis was unsuitable and was returned to the manufacturer, whereupon the surgical supply house undertook to design and manufacture a custom prosthesis for the plaintiff.
On May 25, 1994, plaintiffs and defendants met to fit the custom-made product. During fitting, the prosthesis collapsed, injuring plaintiff.
|3On April 25, 1995, the instant litigation was instituted by petition naming as defendants the owners of the surgical supply house, the surgical supply house and its insurer, St. Paul. Various motions ensued.
On January 80, 1996, plaintiffs filed their First Supplemental and Amending Petition, adding a new paragraph denominated “XA”, alleging that plaintiffs were owed attorneys fees and penalties for defendant St. Paul’s violations of LSA-R.S. 22:1220 B.(5) for St. Paul’s failure to pay their claim within 60 days, as follows:
XA
Petitioner, Anthony Marcello, provided defendant Saint Paul Fire and Marine Insurance Company with a complete and satisfactory full proof of loss over six months ago, and definitely over sixty days ago, without this defendant paying or tendering any amount to defendant in satisfaction of the claim and, the failure of this defendant to do so renders it liable for penalties and attorney fees since their inaction is arbitrary, capricious and without probably cause, all contrary to law.
Both defendants answered the First Supplemental and Amended Petition and St. Paul filed a motion for partial summary judgment thereon. A hearing was held on St. Paul’s motion for partial summary judgment on June 17,1996 and partial summary judgment was rendered in favor of St. Paul. Plaintiffs appeal.
DISCUSSION

Jurisdiction

Pretermitting the question of interpretation of the statute, we look initially to the question of jurisdiction. This court has already issued an opinion on all fours with the instant case. In Caire v. Fremen, 630 So.2d 297 (La.App. 5 Cir.1993), this court dismissed as premature plaintiffs’ appeals from a partial summary judgment granted where the trial court found that LSA-R.S. 22:1220 B.(5) only applied to insureds and not to third-parties. In Caire, supra, this court stated:
|4In the Everything on Wheels Subaru decision [Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993) ], the Louisiana Supreme Court held that any partial judgment which does not dismiss a party and is not expressly authorized by [C.C.P.] Article 1915 is an interlocutory judgment which is not ap-pealable in the absence of irreparable injury. Id. at 1241 ... While Article 1915 specifically provides that granting a motion for summary judgment is a final judgment, we find that in the case before us, the summary judgment is not a final appeal-able judgment ... [Emphasis added] [At 299],
The court further stated:
We therefore find that the partial summary judgment granted by the lower court which dismissed plaintiff’s Section 1220 claim is an interlocutory judgment which is not appealable in the absence of irreparable injury. Since no irreparable injury has been pleaded or is apparent, we hereby dismiss plaintiffs appeal of the partial summary judgment as premature.[Emphasis added][At 299].
We note that likewise in the instant case, no irreparable injury has been pleaded or is apparent upon the record. Accordingly, the appeal is dismissed.
DISMISSED.

hREHEARING DENIED

Because this appeal was dismissed as premature, appellant may re-urge his objections to the trial court’s ruling which was the subject of this appeal in the final appeal on the matter.