IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20538
Summary Calendar
_____


HARRY J. WHITMAN,

                              Plaintiff-Appellant,

versus

WILLIAM HOGAN; MICHAEL P. LANE; DAVID WATKINS;
ROBERT KLEMM; KRISTINA ANDERSON; RONALD SAFER;
JANE DOE; GERALD SHUR; JOHN DOE; EUGENE L.
COON, JR; GERALD BUNN; JOHN M. CLEVELAND; ERIC
JOHNSON; JOE DOE; RICHARD I. FREDERICK; MCKASKLE;
RICHARD ENGELE; C. DOE; D. DOE; WASHINGTON;
RONALD G. THOMPSON; ERNEST V. CHANDLER; MIKE
COOKSEY, Sued in their individual and official
capacities; MICHAEL MCKINNEY; R. A. SMITH;
LOFTIN, Sued in their individual capacities;
WARDEN ALDER; ASSISTANT WARDEN OUTLAW,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-541
--------------------
February 1, 2002
Before JONES, SMITH, and EMILIO GARZA, Circuit Judges.

PER CURIAM:[*]

        "A timely notice of appeal is necessary to the exercise

of appellate jurisdiction." United States v. Cooper, 135 F.3d 960,

961 (5th Cir. 1998).  Harry J. Whitman, federal inmate #23111-037,

filed notice of appeal on May 14, 2001, to appeal the court's order

entered on May 7, 2001.   Whitman argues that this notice is

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

effective for appealing the district court's May 7 order, and he implies that the notice is a premature but effective notice for appealing the court's May 25, 2001, final judgment.

Federal Rule of Appellate Procedure "4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that <u>would</u> <u>be</u> appealable if immediately followed by the entry of judgment." <u>FirsTier Mortgage Co. v. Investors Mortgage Ins.</u>, 498 U.S. 269, 276 (1991). "Although an appeal need not be from a final <u>judgment</u>, still it must be from a final <u>decision</u>." <u>Cooper</u>, 135 F.3d at 962. Whitman's notice of appeal is not effective notice. Whitman filed notice to appeal the May 7 order, and that order is not a final decision under Rule 4(a)(2). <u>See</u> <u>FirsTier Mortgage Co.</u>, 498 U.S. at 274-76. Whitman's ineffective notice neither conferred jurisdiction on this court nor divested the district court of its jurisdiction over the case. <u>See</u> <u>Resolution Trust Corp. v. United States Fid. & Guar. Co.</u>, 27 F.3d 122, 126 (5th Cir. 1994).

The final decision in this case was the district court's amended memorandum order entered May 25, which reflected the district court's grant in part of Whitman's motion that sought reconsideration of the May 7 order. There was nothing left for the district court to do but enter final judgment. Review of the documents filed either in the district court or in this court, filed after entry of final judgment, fails to reveal a document filed by Whitman within the relevant period for timely notice and which evinces a clear intent by Whitman to appeal. <u>See</u> <u>Mosley v.</u>

Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  Consequently, we do not have jurisdiction over the appeal.

APPEAL **DISMISSED**.