United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20155
Conference Calendar

_____

DONALD F. HOBBS,

                                    Plaintiff-Appellant,

versus

UNITED STATES, (Federal Torts Claims Act);
KENNETH M. HOYT, U.S. Judge,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4524
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Donald F. Hobbs ("Hobbs"), Texas state prisoner #691219,

proceeding *pro se* and *in forma pauperis* ("IFP"), appeals the

*sua sponte* dismissal of his 42 U.S.C. § 1983 and Federal Torts

Claims Act complaint for failure to state a claim upon which

relief could be granted pursuant to 28 U.S.C. § 1915A(b)(1).

Hobbs argues that Judge Kenneth M. Hoyt was not entitled to

absolute immunity because in a lawsuit, not related to the

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

instant lawsuit, Judge Hoyt acted without jurisdiction.  Hobbs also contends that the *sua sponte* dismissal of his complaint was erroneous because he was not given an opportunity to develop the factual basis of his allegations.

We review dismissals under 28 U.S.C. § 1915A *de novo*. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings.  Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Id. at 111 (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (further citation omitted)).  Judge Hoyt did not lack jurisdiction in Hobbs's previous case because Hobbs's prior interlocutory appeal challenging the venue of his hearing was not appealable.  See Askanase v. Livingwell, Inc., 981 F.2d 807, 809-10 (5th Cir. 1993).  Consequently, Judge Hoyt and the United States of America are entitled to absolute immunity.  See Resolution Trust Corp. v. United States Fidelity & Guar. Co., 27 F.3d 122, 126 (5th Cir. 1994); 28 U.S.C. § 2674.  Hobbs's contention that the district court's *sua sponte* dismissal of his complaint was erroneous lacks merit because Hobbs has failed to identify additional facts that could have been pleaded to support his complaint, and because he

set forth his "best case" in the district court.  See <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998).

Hobbs's appeal is without arguable merit and is dismissed as frivolous.  <u>See</u> 5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of the appeal as frivolous and the district court's dismissal of Hobbs's 42 U.S.C. § 1983 complaint for failure to state a claim each count as a "strike" under the three-strikes provision of 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).  Hobbs is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.